UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------

GOVERNMENT EMPLOYEES INSURANCE
COMPANY, GEICO INDEMNITY COMPANY,
GEICO GENERAL INSURANCE COMPANY, and
GEICO CASUALITY COMPANY,

                              Plaintiffs,

                            v.

JOHN STROBECK, M.D., INTEGRATED
DIAGNOSTIC IMAGNG & CARDIOLOGY OF
STATEN ISLAND P.C., HEART LUNG
ASSOCIATES MEDICAL, P.C., JS MARBLE
MEDICAL CARE, P.C. *a/k/a* JS MARBLE
MEDICAL P.C., HEART-LUNG CENTER
CONSULTANTS, INC., DANOO NOOR SR., *a/k/a*
DAN NOOR, MDX SOLUTIONS GROUP INC.,
ORBITIS GROUP LLC, CLINICAL VENTURES
LLC, BALIUS LLC, and JOHN DOE
DEFENDANTS "1" through "10,"

                             Defendants.

**ORDER**
22-CV-7477 (MKB) (AYS)

-------------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      Plaintiffs Government Employees Insurance Company, GEICO Indemnity Company, GEICO General Insurance Company, and GEICO Casualty Company commenced the above-captioned action on December 8, 2022, and filed a Second Amended Complaint on November 6, 2023, against Defendants John Strobeck, M.D. ("Strobeck"), Integrated Diagnostic Imaging & Cardiology of Staten Island P.C. ("Integrated"), Heart Lung Associates Medical, P.C. ("HLAM"), JS Marble Medical Care, P.C. also known as JS Marble Medical P.C. ("JS Marble"), Heart-Lung Center Consultants, Inc. ("HLC Consultants"), Danoo Noor Sr. also known as Dan Noor ("Noor"), MDX Solutions Group Inc. ("MDX Solutions"), Orbitis Group LLC ("Orbitis"),

Clinical Ventures LLC ("Clinical Ventures"), Balius LLC ("Balius"), and John Doe Defendants "1" through "10," asserting claims under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1962 (c)–(d), as well as state law claims for common law fraud, aiding and abetting fraud, unjust enrichment, and requesting declaratory judgment.[1]  (Compl., Docket Entry No. 1; Second Am. Compl. ("SAC"), Docket Entry No. 43.)  On December 9, 2024, Plaintiffs moved for default judgment against Strobeck, Integrated, HLAM, JS Marble, Noor, MDX Solutions, and Orbitis for common law fraud and against HLC Consultants for aiding and abetting fraud (collectively, "Defaulting Defendants").  (Pls.' Mot. for Default J., Docket Entry No. 95; Pls.' Mem. in Supp. of Pls.' Mot. for Default J., Docket Entry No. 95-1.)  On December 11, 2024, the Court referred Plaintiffs' motion for default judgment to Magistrate Judge Anne Y. Shields for a report and recommendation.  (Order dated Dec. 11, 2024.)

By report and recommendation dated August 6, 2025, Judge Shields recommended that the Court grant Plaintiffs' motion in its entirety and that Defaulting Defendants be held jointly and severally liable for the total amount of $1,470,351.06, inclusive of $1,158,899.56 in damages and $311,451.50 in pre-judgment interest through November 18, 2024 (the "R&R").  (R&R 2, 8, 25–26, Docket Entry No. 100.)  Judge Shields also recommended that Plaintiffs be awarded (i) pre-judgment interest from November 19, 2024, to the final entry of judgment and (ii) post-judgment interest, "calculated from the date of entry of judgment at a rate equal to the weekly average one-year constant maturity Treasury yield." (*Id.* at 24–26.)  For the reasons discussed below, the Court adopts the R&R and grants Plaintiffs' motion for default judgment.

---

[1] On March 31, 2025, the parties filed stipulations of dismissal as to Plaintiffs' claims against Balius and Clinical Ventures, and on April 1, 2025, the Court dismissed Balius and Clinical Ventures as parties.  (*See* Stipulation of Dismissal as to Balius, Docket Entry No. 98; Stipulation of Dismissal as to Clinical Ventures, Docket Entry No. 99; Orders dated Apr. 1, 2025.)

## I. Background

On December 14, 2023, December 28, 2023, and January 11, 2024, Plaintiffs filed executed affidavits of service for the summonses and Second Amended Complaint in this action.[2] Defaulting Defendants failed to answer or otherwise respond, and Plaintiffs requested certificates of default on January 22, 2024.[3] On February 2, 2024, the Clerk of Court noticed default against Defaulting Defendants.[4] On December 9, 2024, Plaintiffs moved for a default judgment Defaulting Defendants. (Pls.' Mot. for Default J.) Defaulting Defendants have neither answered nor responded to Plaintiffs' motion for default judgment.

Judge Shields recommends that the Court grant Plaintiffs' motion for default judgment. (R&R 2, 8, 25–26.) On August 8, 2025, Plaintiffs mailed the R&R to Defaulting Defendants. (Certificate of Service, Docket Entry No. 101.) No objections to the R&R have been filed and the time for doing so has passed.

---

[2] (Summons as to Strobeck, Docket Entry No. 52; Summons as to Integrated, Docket Entry No. 45; Summons as to HLAM, Docket Entry No. 46; Summons as to JS Marble, Docket Entry No. 47; Summons as to Noor, Docket Entry No. 54; Summons as to MDX Solutions, Docket Entry No. 48; Summons as to Orbitis, Docket Entry No. 50; Summons as to HLC Consultants, Docket Entry No. 53.)

[3] (Pls.' Certificate of Default Request as to Strobeck, Docket Entry No. 63; Pls.' Certificate of Default as to Integrated, Docket Entry No. 59; Pls.' Certificate of Default Request as to HLAM, Docket Entry No. 57; Pls.' Certificate of Default Request as to JS Marble, Docket Entry No. 60; Pls.' Certificate of Default Request as to Noor, Docket Entry No. 64; Pls.' Certificate of Default Request as to MDX Solutions, Docket Entry No. 61; Pls.' Certificate of Default Request as to Orbitis, Docket Entry No. 62; Pls.' Certificate of Default Request as to HLC Consultants, Docket Entry No. 58.)

[4] (Clerk's Entry of Default as to Strobeck, Docket Entry No. 73; Clerk's Entry of Default as to Integrated, Docket Entry No. 69; Clerk's Entry of Default as to HLAM, Docket Entry No. 67; Clerk's Entry of Default as to JS Marble, Docket Entry No. 70; Clerk's Entry of Default as to Noor, Docket Entry No. 74; Clerk's Entry of Default as to MDX Solutions, Docket Entry No. 71; Clerk's Entry of Default as to Orbitis, Docket Entry No. 72; Clerk's Entry of Default as to HLC Consultants, Docket Entry No. 68.)

**II. Discussion**

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "Where parties receive clear notice of the consequences, failure to timely object to a magistrate[] [judge's] report and recommendation operates as a waiver of further judicial review of the magistrate[] [judge's] decision." *Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) (internal quotation marks omitted) (quoting *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)); *see also Burke v. Hous. & Servs., Inc.,* No. 23-635, 2024 WL 2207054, at *1 (2d Cir. May 16, 2024) (quoting *Smith*, 782 F.3d at 102)*, cert. denied,* 145 S. Ct. 1962 (2025); *Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022) ("[T]his court has 'adopted the rule that when a party fails to object timely to a magistrate[] [judge's] recommended decision, it waives any right to further judicial review of that decision.'" (internal quotation marks omitted) (quoting *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988))); *Phillips v. Long Island R.R. Co.*, 832 F. App'x 99, 100 (2d Cir. 2021) (observing the same rule (quoting *Mario*, 313 F.3d at 766)); *Almonte v. Suffolk County*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (internal quotation marks omitted) (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Sepe v. N.Y. State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) ("Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" (first quoting *United States v. Male Juv.*, 121 F.3d 34, 38 (2d Cir. 1997); and then citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985))); *Wagner & Wagner, LLP v. Atkinson,*

4

*Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's [r]eport and [r]ecommendation if the party fails to file timely objections designating the particular issue." (first citing *Cephas*, 328 F.3d at 107; and then citing *Mario*, 313 F.3d at 766)).

The Court has reviewed the R&R and, finding no clear error, adopts the R&R pursuant to 28 U.S.C. § 636(b)(1).

### III. Conclusion

For the foregoing reasons, the Court grants Plaintiffs' motion in its entirety and finds Defaulting Defendants jointly and severally liable for the total amount of $1,470,351.06, inclusive of $1,158,899.56 in damages and $311,451.50 in pre-judgment interest through November 18, 2024. In addition, the Court awards Plaintiffs (i) pre-judgment interest from November 19, 2024, to the final entry of judgment and (ii) post-judgment interest, calculated from the date of entry of judgment at a rate equal to the weekly average one-year constant maturity Treasury yield.

Dated: August 23, 2025
       Brooklyn, New York

SO ORDERED:

         /s/ MKB
MARGO K. BRODIE
United States District Judge